IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Barth Ihenacho,<br><br>   Plaintiff,<br><br>v.<br><br>South Carolina Department of Education,<br><br>   Defendant. | Case No.: 3:19-cv-2698-SAL<br><br>**OPINION AND ORDER** |

This matter is before the Court for review of the January 13, 2021 Report and Recommendation of United States Magistrate Judge Shiva V. Hodges (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). In the Report, ECF No. 31, the Magistrate Judge recommended that the district court grant Defendant's motion for summary judgment, ECF No. 24. Plaintiff filed timely objections to the Report, ECF No. 35, and Defendants replied, ECF No. 36. For the following reasons, the Court adopts the Report, ECF No. 17, in full and incorporates the Report by reference herein.

## BACKGROUND

On January 13, 2021, the Magistrate Judge issued a thorough Report and Recommendation. The Report sets forth in detail the relevant facts and standards of law on this matter. *See* [ECF No. 31]. This Court incorporates those facts and standards without a recitation.[1]

---

[1] Plaintiff did not object to the factual background or legal standards set forth in the Report. *See* [ECF No. 35].

1

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which the party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing

*Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Plaintiff's specific objections are as follows:

1. The Magistrate Judge erred in improperly weighing material facts regarding Defendant's shifting reasoning for Plaintiff's termination.

2. The Magistrate Judge erred in improperly weighing material facts regarding Defendant's disparate treatment of Plaintiff.

3. The Magistrate erred in failing to consider a valid comparator.

4. The Magistrate Judge erred in not considering the record evidence showing a failure by Defendant to investigate the allegations it cites as the basis for Plaintiff's termination.

[ECF No. 35 p.1]. The Court will make a *de novo* determination of these portions of the Report.

## I. Plaintiff Fails to Provide Evidence that Defendant Offered "Shifting Reasons" Probative of Pretext to Create a Genuine Issue for Trial

A plaintiff can create a genuine dispute of material fact by bringing forth evidence tending to show that a defendant's legitimate and lawful reasons for its actions were merely pretext for unlawful discrimination or retaliation. *Propst v. HWS Co., Inc.*, 148 F. Supp. 3d 506, 527 (W.D.N.C. 2015). A plaintiff can support an inference of pretext by demonstrating that a defendant's explanation for its actions is unworthy of credence. *Dugan v. Albemarle Cty. Sch. Bd.*, 293 F.3d 716, 721 (4th Cir. 2002). If an employer offers inconsistent explanations or justifications concerning its actions, then those inconsistencies are probative of pretext. *EEOC v. Sears Roebuck & Co.*, 243 F.3d 846, 852-53 (4th Cir. 2011).

The Magistrate Judge found that Plaintiff failed to provide evidence of "shifting reasons" for Plaintiff's alleged forced resignation probative of pretext. [ECF No. 31 p.23]. The Magistrate

3

Judge reasoned that Defendant consistently asserted Plaintiff was not meeting the expectations of the data analysist position by failing to follow directions when he refused to use SAS and share his SAS code and by failing to maintain harmonious working relationships. *Id.* at 23-24. Therefore, this is not a case where an employer "offered different justifications at different times." *Cf. Sears*, 243 F.3d at 852-53.

Plaintiff argues this was error. [ECF No. 35 p.3]. Plaintiff claims the Magistrate Judge found that Defendant's two offered reasons for termination—(1) that Plaintiff refused to properly use or provide his SAS code and (2) that Plaintiff did not have positive relationships with his co-workers—are essentially one and the same. *Id.* Plaintiff argues that this finding was an improper factual determination that should be submitted to a jury. *Id.*

The Court disagrees. The Magistrate Judge did not find Defendant's two offered reasons "were essentially one and the same." Instead, the Magistrate Judge found the two different reasons were both consistently offered by Defendant and never shifted. [ECF No. 31 pp.23-24] ("Defendant consistently asserted Plaintiff was not meeting the expectations of the data analysist position by failing to follow directions when he refused to use SAS and share his SAS code *and* by failing to maintain harmonious working relationships.") (emphasis added). Based on this finding, which is fully supported by the record, the Magistrate Judge determined that Plaintiff failed to provide evidence that would allow a reasonable jury to find pretext. After a *de novo* review, the Court agrees with the Magistrate Judge's finding and reasoning. Plaintiff fails to provide evidence that Defendant offered "shifting seasons" for its actions probative of pretext to create a genuine issue for trial.

4

## II. Plaintiff Fails to Provide Evidence of Disparate Treatment Probative of Pretext to Create a Genuine Issue for Trial

A plaintiff can show pretext by bringing forth evidence that he was treated differently than similarly situated employees that are not members of a protected class. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804 (1973), *holding modified by Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993). However, stray remarks unrelated to the decision-making process are insufficient to sustain a claim of discrimination. *Nicol v. Holy Cross Hosp. of Silver Spring, Inc.*, No. CV AW-04-3039, 2006 WL 8456995, at *6 (D. Md. Apr. 27, 2006).

The Magistrate Judge found that Plaintiff's allegations are insufficient to give rise to a reasonable inference that Plaintiff's race or national origin were the real reasons for his termination. [ECF No. 31 p.25]. Plaintiff cited testimony from coworkers that Plaintiff spoke with an accent, was not always coherent, and had communication/translation problems. [ECF No. 28 p.14]. The Magistrate Judge considered this evidence but found that Plaintiff failed to connect this testimony with any indication of pretext on Defendant's part. [ECF No. 31 pp.24-25]. Plaintiff also stated that Director of ORDA Dan Ralyea ("Ralyea") would greet other employees, but he would not greet Plaintiff and would instead stare at Plaintiff. [ECF No. 28 p.14]. Further, Plaintiff alleged, Ralyea rejected a presentation from Plaintiff but accepted the same presentation from a white American. *Id.* The Magistrate Judge, viewing these allegations in the light most favorable to Plaintiff, found that they did not indicate the reasons given for Plaintiff's alleged forced resignation were pretextual. [ECF No. 31 p.25]. Further, Plaintiff argued that he was disciplined more severely than his white and American coworkers. [ECF No. 28 pp.14-15]. The Magistrate Judge rejected this argument because Plaintiff failed to identify valid comparators who were similarly situated to Plaintiff in all materially relevant respects. [ECF No. 31 p.26]. Plaintiff failed to identify another employee who refused to use SAS or provide SAS codes when requested.

Plaintiff argues these findings were erroneous. [ECF No. 35 p.4]. Generally, Plaintiff argues that the record in this case presents evidence creating a genuine issue of material fact. *Id.* Plaintiff criticizes with particular emphasis the Magistrate Judge's analysis related to Plaintiff's white co-worker, Gamishev. *Id.* Plaintiff argues that the Report focuses on the fact that Gamishev's "missteps" do not involve the SAS coding, but ignores the fact that Defendant also terminated Plaintiff for "failure to maintain harmonious working relationships." *Id.* Plaintiff contends that the Court should have considered Defendant's decision not to terminate Gamishev for "failure to maintain harmonious working relationships" as evidence that, for Plaintiff, "failure to maintain harmonious working relationships" was merely pretext for discrimination. *Id.*

The Court finds that the Magistrate Judge properly considered Plaintiff's evidence of disparate treatment and correctly found it insufficient to survive summary judgment. The alleged coworker statements about Plaintiff's accent or ability to communicate have no connection to the Defendant's decision to terminate Plaintiff. Plaintiff's allegation that Ralyea slighted Plaintiff by refusing to greet him and staring at him suffers from the same deficiency: there is no evidence it was related to Defendant's decision-making process. As for the claims that Plaintiff was punished more harshly than his white American coworkers, the Magistrate Judge was correct to emphasize the fact that Plaintiff cannot point to a coworker who also refused to use SAS. As stated previously, Defendant consistently asserted Plaintiff was failing to follow directions by refusing to use SAS and share his SAS code *and* failing to maintain harmonious working relationships. Without pointing to a coworker who was suffering from both of these performance issues, Plaintiff cannot offer a comparator similar in all relevant respects to show that he was disciplined more severely than his white and American coworkers. After a *de novo* review, the Court agrees with the

6

Magistrate Judge's finding and reasoning. Plaintiff fails to provide evidence of disparate treatment probative of pretext to create a genuine issue for trial.

### III.     Dr. Imelda Go is not a Valid Comparator Because she was not Similarly Situated to Plaintiff in all Materially Relevant Respects

A plaintiff can show pretext by bringing forth evidence that he was treated differently than similarly situated employees that are not members of a protected class. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804 (1973), *holding modified by Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993). Comparators do not need to be identical, but they must be similar in all relevant respects. *Haywood v. Locke*, 387 F. App'x 355, 359 (4th Cir. 2010).

The Magistrate Judge found that Plaintiff could not offer Dr. Imelda Go as a comparator to show that he was disciplined more severely than his white and American coworkers. [ECF No. 31 p.27 n.11]. The Magistrate Judge reasoned that Go was not a proper comparator because she was not an employee under the supervision of Plaintiff's superiors, nor is there evidence that she failed to use SAS or provide her SAS code. *Id.*

For the reasons stated previously, the Magistrate was correct to emphasize the fact that a coworker who did not refuse to use SAS is not a valid comparator. Defendant consistently voiced this issue with Plaintiff. Without pointing to a coworker who also refused to use SAS who was not terminated, Plaintiff cannot show that he was treated differently than similarly situated employees that are not members of a protected class. After a *de novo* review, the Court agrees with the Magistrate Judge's finding that Go is not a valid comparator to show pretext.

### IV.     Plaintiff's Allegation that Defendant Failed to Adequately Investigate is Not Sufficient Evidence of Pretext to Create A Genuine Issue for Trial

While an improper, incomplete, or unfair investigation leading to termination can be evidence of pretext, "the key inquiry is whether the employer made a reasonably informed and considered

decision before taking an adverse employment action." *Sharif v. United Airlines, Inc.*, 841 F.3d 199, 206 (4th Cir. 2016). Here, the Magistrate Judge found that Defendant engaged in a sufficient fact-finding process. [ECF No. 31 p.29]. The decision to end Plaintiff's employment was made after Plaintiff emailed Ralyea and said he was not using SAS for the ACT accountability report. *Id.* That email was all the factual evidence needed to show that Plaintiff was continuing to be insubordinate after his written reprimand. Further, the Magistrate Judge found that, even if Defendant had conducted an improper or substandard investigation, it would do little to establish pretext.

Plaintiff argues that this was error. Plaintiff contends that Hearn and Ralyea testified that they did not know whether Plaintiff was using SAS. According to Plaintiff, this shows a failure to adequately investigate the situation before terminating Plaintiff, which is evidence of pretext.

The Court disagrees. Hearn and Ralyea testified that they had no evidence of whether Plaintiff used SAS or not. [ECF No. 28-2, 47:7-48:23]. What they did know, is that Plaintiff was not sharing his SAS code. [ECF No. 28-1, 115:17-22]; [ECF No. 28-2, 68:23-69:8, 80:3-81:3]. They had no way of knowing whether that was because Plaintiff was not using SAS or just refusing to share his SAS code. Either way, such behavior was one explanation Defendant consistently asserted for Plaintiff's termination. At any rate, the evidence in the record indisputably shows that Plaintiff emailed Hearn refusing to use SAS. [ECF No. 24-17]. Because Plaintiff voiced his refusal to his supervisors, Defendant did not need to undertake an investigation to learn that Plaintiff was refusing to use SAS. After a *de novo* review, the Court finds that the Magistrate Judge correctly found the allegation of a failure to investigate is insufficient to create a genuine dispute of material fact.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation, ECF No. 31, in full and incorporates it by reference herein. For the reasons discussed above and in the Report, Plaintiff has failed to provide evidence that would allow a reasonable jury to infer that Defendant's articulated reasons for Plaintiff's termination were pretext for discrimination. Accordingly, Defendant's motion for summary judgment, ECF No. 24, is GRANTED. The complaint is dismissed with prejudice.

IT IS SO ORDERED.

March 30, 2021
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge